UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AXA INSURANCE COMPANY,

    Plaintiff,

v().    Case No. 8:09-cv-1032-T-33AEP

TRADEWIND AVIATION, LLC; JAMES A. BORCHARD, as Personal Representative of the Estate John Borchard; JULIE A. GONZALEZ, as Personal Representative of the Estate of Frank J. Gonzalez; JACOB R. KELLY, as Personal Representative of the Estate of Julia A. Kelly; and CHRIS FONTAINE, INC., a/k/a CFI Racing, LLC,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff's Motion for Entry of Final Default Judgment Against Kelly Estate, Tradewind Aviation, and Chris Fontaine, Inc. (the "Motion" Doc. # 32), which was filed on November 20, 2009. In the Motion, Plaintiff requests a declaration that its insurance policy does not provide coverage for any liability that Tradewind Aviation, LLC or Chris Fontaine, Inc. may incur as a result of an airplane crash that killed John Borchard, Frank Gonzalez, and Julia Kelly. For the reasons that follow, the Court will grant the Motion.

1

**I.  Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id.  A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal.  Id.

## III. Analysis

Defendants, the Estate of Julia Kelly, Tradewind Aviation, LLC, and Chris Fontaine, Inc., have been served with the Amended Complaint and Summons (Doc. ## 26-2, 27-2, 28-2), and they failed to file any responsive papers. The Clerk Entered Default pursuant to Rule 55(a) against the Estate of Julia Kelly, Tradewind Aviation, LLC, and Chris Fontaine, Inc. on November 20, 2009. (Doc. ## 29, 30, 31).

Based upon the Clerk's Defaults and the well-pleaded factual allegations contained in the Amended Complaint, as applied to the three defendants at issue, it has been established that there is no coverage for any liability that Tradewind Aviation, LLC or Chris Fontaine, Inc. may incur as a result of the airplane crash that killed John Borchard, Frank Gonzalez and Julia Kelly.

Accordingly, the Motion is due to be granted. The Clerk is directed to enter the Judgment of the Court as follows: As applied to the Estate of Julia Kelly, Tradewind Aviation, LLC, and Chris Fontaine, Inc., there is no coverage under AXA Insurance Policy No. AVT500301-2008-00 (the "Policy") for any liability that Tradewind Aviation, LLC or Chris Fontaine, Inc. may incur as a result of the airplane crash that occurred on or about June 6, 2008, that killed John Borchard, Frank

Gonzalez, and Julia Kelly, and that Plaintiff has no duty under the Policy to indemnify Tradewind Aviation, LLC or Chris Fontaine, Inc. for any such liability.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff's Motion for Entry of Final Default Judgment Against Kelly Estate, Tradewind Aviation, and Chris Fontaine, Inc. (Doc. # 32) is **GRANTED.**

2. The Clerk is directed to enter Default Judgment in favor of Plaintiff as follows: As applied to the Estate of Julia Kelly, Tradewind Aviation, LLC, and Chris Fontaine, Inc., there is no coverage under AXA Insurance Policy No. AVT500301-2008-00 (the "Policy") for any liability that Tradewind Aviation, LLC or Chris Fontaine, Inc. may incur as a result of the airplane crash that occurred on or about June 6, 2008, that killed John Borchard, Frank Gonzalez, and Julia Kelly, and that Plaintiff has no duty under the Policy to indemnify Tradewind Aviation, LLC or Chris Fontaine, Inc. for any such liability.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>24th</u> day of November 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record